and United States versus Delgado. Those are numbers 23-13, I'm sorry, yeah, 1310 and 231319. And we'll hear from appellants. Good morning. Good morning. May it please the Court, Frederick Ulrich, on behalf of appellants, Armando Delgado, I'd like to reserve one minute of my time for rebuttal. Addressing at the outset the Court's question over appellate jurisdiction, we believe that that issue need not detain the Court long for several reasons. First, the underlying issue here is the jurisdiction or the scope of the jurisdiction that the District Court had in deciding Mr. Delgado's motion to modify. Section 1290, that is consistent also with this Court's decision in Rodriguez because nothing in Section 3742, which speaks to the imposition of sentence, affects the ability of this Court to decide a jurisdictional issue relative to 3583. Secondly, this Court has routinely used Section 1291 as a grant of jurisdiction in other areas of modification. For instance, in compassionate release, both in the Pulaski decision and later in Section 1291. It's also been true in appeals from denials of requests to terminate supervised release, both this Court's decision. We've decided this on the flip side, but not really in this context. That's why we thought we just would pose it. It's a little unclear, but clearly in this Court's decision in Shepard, which I believe Judge Estrepo authored. It was a brilliant decision, as always. I was going to add that. And also in Melvin, which Judge Porter authored not too long ago, jurisdiction was assumed under Section 1291. Even in the Sixth Circuit, which initially precipitated a lot of the debate on this with its decision in Bowers, they've since charted a different course in the wake of Gonzales v. Thaler. They now recognize Section 3742 more as a claims processing rule as opposed to assuming we find jurisdiction. And your client is Mr. Delgado, is that right? Correct. Was there an ICER problem there? An ICER problem? I don't believe so. By that, I mean in that the judge delegated this responsibility of determining registration to probation. That's a problem, correct. But here, our response to that is simply this. So if Mr. Delgado appropriately challenges the SORNA registration requirement, on appeal, the government comes up with this novel argument that you can look at the ministerial language as directed by the probation officer as some sort of conditional grant of authority or delegation to the probation office. And they also suggested, this is on pages 19 and 20 of their brief, that the proper course for Mr. Delgado was under 3583E. So it came as a bit of a surprise to him when he files his 3583 motion that the government steps in and says, oh, I'm sorry, this is a legal issue, there's no jurisdiction. Because he did exactly what they suggested he do. Secondly, even if there's a delegation issue here, it's just a matter of fundamental fairness, given the circumstances, Mr. Delgado facially challenging the condition on direct appeal, being told to do it on the back end under 3583E, just as a matter of fundamental fairness, the court should have adjudicated his claim. If you look at footnote 7 in ICHR, they point out the result of the government's argument would be that somebody like Mr. Delgado, who did everything he possibly could to raise and preserve the issue, would be out of court because there would be no mechanism short of 3583E. This case falls within it anyway. There's no requirement of a change of circumstances in 3583. The court recognized as much in Murray, and Judge Porter held as much in Melvin. Are there any parameters under 3553E that the district court would be bound by? Parameters under 3553? Yes, they'd have to channel their discretion through it. I do believe line drawing gets a little bit difficult in a situation where finality is not as important, where reintegration and rehabilitation are more important. But we believe that this issue, which constitutes a major change of circumstances for Mr. Delgado, falls within 3583's scope purview, whatever you want to call it. But the same thing is true regarding the legal issue. There's nothing in the plain language of 3583 that prevents or forbids a court from adjudicating a legal issue in the context of a motion for modification. The fact that there's a legal issue here in conjunction with a factual finding doesn't change that at all either. We recognize, of course, you don't want to use 3583 as some sort of backdoor collateral challenge provision, but the Seventh and Fourth Circuit's opinions in Morris, McLeod, and Neal appropriately reign that in. I think if you were a trial court judge and you sentenced somebody many years ago, and this was before Packingham versus North Carolina, and all of a sudden the Supreme Court says these Internet restrictions are infringing on constitutional rights, you'd want to revisit that on his supervised release term because it may prevent him from applying for a job. It may prevent him from vocational training. Any number of things that would implicate the 3553A factors, such as rehabilitation, reintegration into society, vocational training, and disparate sentencing. And we think that that applies here as well. So Mr. Delgado didn't actually invoke the 3553A factors in his 3583 motion, but it sounds like you're saying that he could. And even under the government's theory that 3583 is a jurisdictional barrier to the court's consideration, if he were to say, for example, what you just said, that this condition that you contend is illegal prevents him from adjusting into the community, and it seems that there are at least three 3553A factors that this could fall under, right? That's correct. I mean, the initial filing was pro se. We did file a supplemental brief based on the ICRA decision, but at least the nature and circumstances of the offense in terms of whether they fall within the consent exception. Reintegration, rehabilitation, you know, what's necessary in terms of vocational training, those things are difficult when you're working under a SORNA restriction. And so I agree that 3553A factors are certainly implicated, even if we didn't specifically cite them. You mentioned today the Murray case, which I thought was helpful to you. Maybe you could address it because I don't think it's in your brief. It is not in our brief. And it is helpful to us in the sense that it deals with, I believe, a restriction, throw in a blank in terms of its actual fact paradigm there, that also fell within 3583E, and that the court could, you know, rely upon. And I think Robert's as well, you know, the language there in terms of the restriction and the court's ability to reach it under 3583E. We'd also ask the court to decline the invitation of the government to engage in appellate fact finding and credibility assessments over whether the consensual exception applies, particularly here when the citations to the pre-sentence report directly conflict with the trial testimony. Thank you. Thank you, counsel. Good morning. Good morning. It may have pleased the court. My name is Edward Rimza. I represent the appellant in this matter, the co-defendant, Anthony D'Ambrosio. I would also like to reserve a minute for rebuttal, please. That's great. I should say at the outset, some of this steam has been perhaps taken out of me a little bit based on some of the argument and some of the questions and answers by my friend and colleague, Mr. Ulrich. But I would want to address initially the issue about appellate jurisdiction in this court. Chief Judge Shigaris, you mentioned about Murray, and the court has exercised jurisdiction in a case in both Murray and Wilson. Granted, those cases did involve 3583E2. Those were based on government motions where the district court was imposing additional conditions. So it wasn't specifically the same sort of circumstance here involving a defendant's motion, but we think it's really a distinction without much of a difference. There shouldn't be two different standards if it's a government motion or a motion to ask for additional conditions as opposed to a defendant asking to remove conditions. Let me ask you a question. Since you talk about sort of fairness on both sides, if we agree with you, if the district court got it wrong, could the government equally bring if there's a changed legal condition sometime after, before supervised release? Could the government bring such a motion for additional conditions? I do. I think that because of the way 3583E2 was written, that's so broad that it can resolve. The district court can modify conditions at any time. Of course, that may depend on certain changed circumstances. Maybe there was a particular condition that wasn't imposed at the time of sentence that needs to be applicable now. So, sure, I could envision there being a time that the government could also file under that. With regard, I do want to address, if I may, the issue of the district court and actually the district court's decision in this case. Of course, you don't need to look any further than the statute itself. The statute specifically says, 3583E2, that the district court may modify, reduce, enlarge, any of the conditions of supervised release at any time. And again, 3583E1 permits a district court to terminate supervision whenever it may like. So, I think the operative language at any time supports a broad reading of the statute that if there are grounds to do it, it doesn't have to be necessarily changed conditions. Does it matter if it's a change in the legal circumstances or factual circumstances? Is that a distinction we need to concern ourselves with? I don't think it is, Judge Estrepo. I don't think that there has to be some sort of prerequisite that you've got to carve out, whether it's a change condition. I don't think there's any need to cut it that fine. Now, some of our fellow circuits, courts of appeals, seem to rely, say, reject the argument you're making right now, saying, well, the Sentencing Reform Act said no, we shouldn't be allowing this as an avenue for relief. What's your response to that? So, I would, my first response would be. You're wrong. Well, other than that, of course. But there are some circuits, of course, the Fourth, Seventh, even the Fifth Circuit changed its view in 2017 in a case that in that case was Mendoza-Velasquez, where it changed its views that an illegal sentence condition could be challenged under 3583E2. There was a period of time when they had just the opposite conclusion. So, I think the Fourth Circuit, the Seventh Circuit did get it right, and I think those are the sister circuits that I believe this Court should also follow. I just would like to talk, if I may, the issue involving the Roberts decision, I realize out of this Court it was a non-precedential opinion, but nevertheless Roberts did grant this Court, this Court did have jurisdiction in this case under 1291. And in addition, if I may, just briefly about going back to the district court jurisdiction in this case. The reason why I think we need this flexibility and why 3583E2 should be read so broadly is because nobody can predict the time of sentencing, whether a condition is appropriate or not. Oftentimes in the district court we see these one-size-fits-all conditions that are imposed in certain cases that really may not be applicable, either at that moment or sometime in the future. And 3583E2 certainly allows the opportunity to challenge those when it's necessary and it avoids, I believe, needless litigation to come up here on appeals. So, it certainly allows that inappropriate or onerous conditions of supervised release to challenge those, and when they become inappropriate or too onerous, it really defeats the goal of supervised release, which is, of course, to try to facilitate and rehabilitate the petitioner back into society. What do we do with the Fourth Circuit's decision in McLeod where they allow that a change of legal circumstances could support a modification of conditions, but they say not if it was foreseeable at the time of sentencing? Well, I think that in the McLeod case, it may not have been foreseeable at the time of sentencing, but I think because of the fact that the law is changing on some of these issues, and certainly there should be this flexibility to permit when there is a change, an opportunity that would have arisen after the fact. So, I think it would be still appropriate to... By a change in law, are you referring to the Eicher decision? Well, the Eicher decision would be that, but certainly there's other decisions. The SORNA statute seems to be constantly in flux, whether or not it's constitutional or not, but certainly the issue in our case that the district court never got to was the consensual exception. So, we believe that this court should vacate and send the case back to the district court for a full merits evidentiary hearing. Well, now, just playing off of what Judge Freeman said, there is something of a limiting principle there with the Fourth Circuit's decision in McLeod. If we don't have that, isn't the door going to be swung open really widely? Anybody at any time brings a legal... any type of legal challenge? I mean, wouldn't that be contrary to the Sentencing Reform Act's amendments? I don't think it would. I mean, obviously the district court would have discretion to determine whether or not a petitioner has satisfied that. I don't think it's going to open the floodgates, certainly, to this court. But I think there... I don't think... I do agree that it certainly could be abused in a particular way, but at least to the facts of this case, given the implications involving SORNA, I think it is right for this court and certainly the district court to have held a hearing on it. All right. Thank you. We'll hear from you guys on the bottle. And we'll hear from the government. Yeah. You may proceed. Good morning. May it please the Court, Patrick Bannon, Assistant United States Attorney, on behalf of Appellee United States of America. I'd like to begin by addressing a few of the constitutional points that counsel for appellants both brought up and just address the fact that this is the first time that they have been raising these constitutional issues based on the delegation or... based on, excuse me, the delegation or potential delegation to the probation office. It was not an objection that was raised at sentencing. It was not raised in Mr. Delgado's direct appeal. It was not raised in a 2255 motion or Rule 35 motion. And it was not raised in their briefs on appeal in this case. And I think specifically in their briefs on appeal in this case, they both admit that their arguments are not constitutional, that they are raising challenges to the registration under SORNA based on qualifying for a statutory exception, which is a legal issue. And if you look on Mr. D'Ambrosio's brief on page 13 and Mr. Delgado's brief on 19, they specifically reject that this is a constitutional argument. And they make that argument in response to the position that this argument could have been raised on 2255 and they say they could not because they did not have a constitutional argument to raise. Go ahead. It seems to me that we might want to focus on what the district court and your office is contending is a jurisdictional threshold before the court can even address these arguments, right? So whether it's a violation of the United States Constitution or law, it seems that your argument is the same, that the district court has no authority to consider the arguments. Is that correct? Yes, that's correct, that in this case, whether they're making a constitutional argument now or the SORNA statutory exemption argument that they've made previously, that they're essentially challenging the legality of the imposition of this term of supervised release in each instance. And those types of challenges, those legality challenges, are not appropriate under a 3583-2 motion. So some of the courts that have made similar decisions to what the district court did here have referred to this as a jurisdictional issue. Some of them have just referred to it as an authority issue. Jurisdiction is a very strong term. Why is this a jurisdictional issue? Are you referring to the jurisdiction on appeal? The jurisdiction of the district court to consider a 3583 motion based on illegality or unconstitutionality of a condition. Well, I think the Second Circuit in Lucere's case goes through this analysis pretty clearly and first begins with the SRA and the fact that the Rule 35a at the time was amended to stop these types of challenges to legality at the time that Rule 3583-2 was established. So where a petitioner could potentially challenge the terms of supervised release, challenges to the underlying legality of that term of supervised release on them is something that Congress specifically removed at that time existing Rule 35a. And I think also if you look at the plain language of 3583-2, the plain language, it lists 3553 factors, but legality is not one of the factors that's listed for the court to consider whether a petitioner or defendant is making a legality challenge. But it's not in the 3553a factors at all. So are you saying that in initial sentencing a court can't consider the legality of a condition because it's not on the list? No. What I'm saying is that there's enumerated factors in 3583a that happen to be from 3553 for the court to consider whether a modification is appropriate, but the underlying legality of the sentence that was imposed is not a factor that is added. But does it need to be listed? Does it need to be listed? I mean, doesn't the court always consider legality? Well, I think the issue is reconsidering legality in a motion to modify the sentence. So in a situation like this where there has already been a sentence that was not objected to, there has been in one instance a direct appeal, there's been no collateral challenges, now attempting to seek a modification on the basis of legality in the 3583 motion specifically, which is different than the court considering it at the time that it was imposed. It seems that 3583 and really the role of a district court in monitoring someone who's on supervised release is very different from the other types of restrictions that the Sentencing Reform Acts put in place. I mean, there's a limitation on you can only challenge your sentence within 14 days, and then subsequently EDPA puts restrictions on when you can file a 2255 motion. But the truth is that people go back on motions to modify supervised release time and time again. I mean, the government itself does based on changes in conditions, right? So it's a different role, it seems, to continue addressing the appropriateness of supervised release throughout the term, isn't it? I think you're right, but I think I would just point to the issue of the change conditions that you addressed there, and the fact that in situations like this where legality specifically is being challenged, the applicability of a sworn exemption is the specific challenge that's being made to the legality of the term, that it's not the type of change circumstances that have been acknowledged in other situations. I think, again, the Second Circuit acknowledges some examples where, for example, good behavior might warrant a modification of a term of supervised release. On the opposite side, violating another term of supervised release might warrant a change in a term of supervised release. And restitution orders and ability to pay may warrant a change in the terms of supervised release. But here, that issue of change circumstances not only hasn't occurred, but it hasn't even been alleged in the case of Delgado specifically. Even though he didn't address this in his initial appeal or in this appeal, he was already told to register by the Pennsylvania State Police under Pennsylvania state law prior to his filing his initial appeal. He didn't raise that issue in the appeal, and this court addressed that, that it was not before the court in the record whether or not he had been forced to register or told that he did not have to register. In the case of Mr. D'Ambrosio, he's still incarcerated. But in terms of the change circumstances, his judgment is exactly the judgment in Icker, which the court said mandated supervised release and found that to be constitutional in that case. That was the district court, not probation determining the registration requirement, right? Excuse me? Do we have a threshold issue here in terms of the district court delegating this decision to the probation office? Well, I think the court in Icker clarified that such delegation, if it were to occur, would be an Article III issue. It was not a case in issue. Isn't that what happened here? Well, I think as this court recognized in Mr. Delgado's – first of all, with regard to Mr. D'Ambrosio, no, that's not the case. With regard to Mr. Delgado, this court recognized that there was a mandatory and a conditional requirement in his judgment, and it reflected the consensus that the parties had reached in his sentencing hearing, that the parties had agreed to and not objected to. And Mr. Delgado never challenged that as unconstitutional, either at the time or in any filing since, whether it was on direct appeal. And he declined to challenge it on constitutional grounds in a 2255 motion. And again, in this appeal, it says specifically that he had no constitutional challenge. So is the government's position, what you're telling us, is there no scenario under which a change in legal circumstances would allow a defendant to petition the court to modify the conditions of release? I don't think there's no opportunity to modify a term of supervised release, but I think the position here is that 3583E2 is not the means to challenge a supervised release condition on the basis of legality or constitutionality. And I think allowing a defendant to do so would be the sort of backdoor to the old Rule 35A challenges that would just permit continued challenges to legality of the sentence. I think the avenue that's available, if any, after the direct appeal period and the period to file a 2255 motion has passed. I'm not sure specifically what the avenue would be, but as this Court has addressed in the Nestor and the Alvarez case, and as other courts like the Second Circuit have already held and have acknowledged, that Rule 3583E2 is not the appropriate way to seek that sort of modification, because specifically when it's on the basis of legality or constitutionality. Let me ask you a question about some of the 3553A factors. One of the factors that is specifically listed as a must-consider in 3583 is the need to avoid unwanted sentence disparities. We've mentioned that after ICER, the delegation of Sovereign Registration decision-making to the Probation Office is unconstitutional. So if Mr. Delgado had said, District Court, please modify my sentence because there are disparities between me and Mr. Eicher, would the District Court have jurisdiction there? In that instance, potentially, I think it's important to recognize, though, that that is not the case that either defendant is making here, where they're specifically challenged that an exemption applies to them. They've never raised the issue of whether there was a sentencing disparity or any issues regarding a change in, for example, behavior, or some of the other issues which have warranted modifications in the past. Is there any reason why they couldn't do that in a future 3583 motion? They may potentially be able to do that, and if the court were to consider that not to be a challenge to the legality of the underlying sentence, but a request for modification that was appropriate under 3583, the court might decide that that was the case and proceed to the merits of that claim. But I think it's important to recognize that at every stage, including on appeal here, the challenge that's specifically being raised is a challenge directly at the SORNA statute and the fact that an exemption applies in both cases. Okay, well, let me ask you about another 3553A factor, the very first one, and the nature and circumstances of the offense. And I understand that there's been no determination on this, but defendants contend that their offense does not qualify for SORNA registration. So if they were to tell the district court, please consider 3553A, the nature and circumstances of my offense do not support this condition, would the district court have jurisdiction or authorization to consider that? I think, again, potentially. It's an issue of whether the challenge goes to the legality of the underlying sentence or if there's some change in circumstance that they're alleging to have occurred which would allow, which I think in your first hypothetical, you know, the fact that there might be a sentencing disparity based on something that happened in the interim, in the Icker case, you know, that's an argument that might potentially be raised. You know, the court might not consider itself to have jurisdiction if there's just repeated motions trying to get at the underlying legality of the sentence and casting it in terms of one of the 3553 factors without any other, you know, sort of analysis or attempt to address the change in circumstances, other than saying we still think that this is, you know, we apply for this statutory exemption and we're going to continue to find different ways to address the fact that it's illegal as applied to us. So you're saying the court might, you know, in this hypothetical situation, might deny it on the merits but there would still be jurisdiction because the defendants are naming one of the 3553A factors that's listed in 3583E? Well, no, I don't think that just simply naming is enough for a defendant to rewrite this brief and just have an initial paragraph naming a 3553 factor and then go into a legality challenge. I think the court would likely come to the same decision because the argument is that they're challenging legality of the sentence to the extent that they are actually basing an argument for modification on one of the 3553 factors. And, you know, like I said a few times, you know, some sort of intervening change in behavior, maybe cooperation is offered that would fall under one of these 3553 factors and they had an argument that wasn't specifically to the legality or constitutionality of the underlying sentence that it should be removed entirely for, you know, legal or constitutional reasons. And they're arguing that it should be potentially modified for another reason that would fall under one of those factors. But couldn't legality challenge just happen to correspond with one of the enumerated factors that you think are required? I mean, in the sentencing disparity example, for instance, like if one were to agree that there are, in fact, disparities between one of these defendants and other folks who, like Mr. Icker or other people who were sentenced after Icker, if that, in fact, were a truism that there were disparities, would that permit the court to rule on a 3583 motion? Well, I think what you're describing there is a change for actual circumstances, not a change legal circumstance that there is now a disparity between a specific defendant and one of the defendants here. And so, you know, in that case, it may potentially be different. But the challenging of the actual supervised release term itself based on an exemption is a different situation than that. I see my time has run out. Let me ask a quick question. I want to follow up on something Chief Judge Shigaris asked your colleagues. If we accept your argument, wouldn't it preclude the government from petitioning the court for a modification based on the legality? Yes, I think that would if there was a change. If the government was raising a purely legal argument or constitutional that they would be precluded to for the same reasons. Right. Could you address appellate jurisdiction like your colleagues did? Yes. I think with regard to the appellate jurisdiction issue, I think in this case, there is appellate jurisdiction based on the court's decision in Rodriguez. And I understand that there is some case law and some persuasive case law from the Sixth Circuit, specifically in the Marshall case where Judge Sutton talks about the difference between imposition and non-imposition of a new sentence based on 742. But I also understand, as Appellant's Counsel pointed out, that it was treated not as a jurisdictional issue, but as a claims processing issue, which obviously we recognize that we did not raise in our briefing. But the distinction, I think, is an important one, whether the court is going to consider it as an authority to grant relief issue. But we understand that under this court's precedent in cases like Rodriguez, that argument might be foreclosed. Thank you, Counsel. Thank you. We'll hear about it. Just to follow up on your Murray question, obviously it does help us, now that I've refreshed my recollection and taken a look at it, in the sense that the court there recognizes there's nothing in the language that requires a change in circumstances. And in that case, the only change was address that prompted the government to move for additional conditions. Regarding the ICA issue that Judge Restrepo has brought up a couple times, it's not as if we're arguing that there's some now improper delegation of Article III authority. It's the predicament that Mr. Delgado finds himself in, which is reflected in footnote 7 in the ICA opinion. It talks about the fact that if you accept the government's argument, then people like Mr. Delgado have no recourse except under 3583E. And finally, the question regarding whether a change in the law would allow the government to move for additional supervised release conditions, the problem I would have, and I don't mean to push back against Mr. Remse's concession on this too much, but supervised release is a punishment. At least that's how Justice Gorsuch characterized it in Haman. And if you're going to add additional punishment, I think you start to run afoul of some due process concerns, especially if it's just based on a change in the law and not some personal circumstance that requires perhaps inpatient treatment or something to that effect. Thank you. Thank you, counsel. I just wanted to address one issue, and that was the illegality of a condition. There has been reference to the McLeod case in the Fourth Circuit, but also the Seventh Circuit in Neal, that the illegality of a condition is not one of the factors referenced in 3553A, but 3553E2 doesn't prohibit a court from referencing other relevant factors that were omitted from that statute. So in the McLeod case, that issue, the court did believe that the 3583E2 language that at any time broadly supports the reading to allow substantive challenges that could fall outside of the illegality of the condition.  Thank you, counsel. We will take this case under advisement. We want to thank counsel for their excellent briefing and arguments today.